**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **GEORGE R. CREAMER** Plaintiff, | : | C.A. 06 134S |
| VS. | : | |
| **COUNTRYWIDE BANK, N.A. and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. as nominee for Countrywide** Defendants | : | |

## COMPLAINT

### INTRODUCTION

1. This action seeks redress against Countrywide Bank, N.A. and Mortgage Electronic Registration Systems, Inc. (hereinafter "Countrywide" and "MERS") for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226 .

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action under 15 U.S.C. §1640 (TILA), and 28 U.S.C. §§1331 (general jurisdiction),1332 (diversity jurisdiction) and 1337 (interstate commerce).

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) because Defendants do business in this District. Defendants are therefore deemed to reside in this District under 28 U.S.C. § 1391( c).

## PARTIES

4. Plaintiff George R. Creamer resides at 223 Main Street, Cranston, R.I. 02823.

5. Defendant Countrywide Bank, N.A. is a National corporation with its principle place of business in 4500 Park Granada, Calabasas, CA 91302.

6. Countrywide enters into more than 5 transactions per year in which credit is extended that is secured by the principal residence of a consumer and is used for purposes other than the initial acquisition or construction of the residence.

7. Countrywide is therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

8. Countrywide is what is commonly known as a "subprime" lender, targeting persons who have or who believe they have impaired credit.

9. The Defendant, MERS is the nominee for Countrywide of a certain mortgage secured by the Plaintiff's residence.

## FACTS

10. On or about October 24, 2005 Plaintiff and his wife obtained a loan from Countrywide, secured by their residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

11. At the time of the loan closing referenced above, the Plaintiff was not provided copies of any of the required material disclosures of 15 U.S.C. §1602(u). In fact, the Plaintiff left the closing office without any of the statutorily required disclosures, having not been provided any copies by the closing agent.

12. Several weeks after the October 24, 2005 consummation of the loan, Plaintiff received via the mail copies of the disclosures and other pertinent closing documentation that were executed several weeks prior. Included in said documents was a Notice of Right To Cancel, a copy of which is attached hereto as Exhibit A.

13. Because the transaction was secured by Plaintiff's home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23. Section 226.23 provides:

**(a) Consumer's right to rescind.**

**(1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47**

**(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.**

**(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]**

**(4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.**

**(b) Notice of right to rescind. In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:**

**(1) The retention or acquisition of a security interest in the consumer's principal dwelling.**

**(2) The consumer's right to rescind the transaction.**

**(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.**

**(4) The effects of rescission, as described in paragraph (d) of this section.**

**(5) The date the rescission period expires. . . .**

**(f) Exempt transactions. The right to rescind does not apply to the following:**

**(1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].**

**(2) A credit plan in which a state agency is a creditor.**

14. The Notice of Right To Cancel received by the Plaintiff several weeks after the closing was defective and confusing as it contained a deadline to rescind of October 27, 2005 which had already transpired by the time the Plaintiff received said document in the mail.

15. Upon information and belief, Countrywide treated and intended the October 27, 2005 date contained on the Notice of Right to Cancel received by the Plaintiff via the mail as the deadline in which the Plaintiff could rescind the transaction.

16. Upon information and belief, on October 27, 2005, Countrywide disbursed the loan proceeds. Accordingly, Countrywide violated the Delay of Creditor's Performance Rule as

referenced in Federal Reserve Board Regulation Z, 12 C.F.R. part 226.23 and disbursed funds during the three day period, and even before the Plaintiff received his material disclosures via the mail.

17. On or about December 5, 2005 the Plaintiff exercised his extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Countrywide. A Copy of the notice is attached as Exhibit B.

18. In a letter dated December 30, 2005, attached as Exhibit C, Countrywide denied the Plaintiff's request to rescind the mortgage.

19. On or about March 14, 2006 the Plaintiff exercised his extended right to rescind the loan for violations of TILA relating to MERS. A Copy of the notice is attached as Exhibit D.

**COUNT I - TRUTH IN LENDING ACT**

20. Plaintiff incorporates ¶¶ 1-19 as if fully set out herein.

21. By failing to provide the material disclosures, Countrywide violated TILA.

22. Countrywide failed to give Plaintiff clear and conspicuous notice of his right to cancel, in violation of 15 U.S.C. §1635 and 12 C.F.R. § 226.23. Accordingly, the Plaintiff is entitled to rescind the mortgage.

23. Countrywide violated the Delay of Performance Rule, in violation of 15 U.S.C. §1635 and 12 C.F.R. § 226.23. Accordingly, the Plaintiff is entitled to rescind the mortgage.

24. Defendant, MERS, as nominee for Countrywide is liable for all claims including rescission as alleged by Plaintiff.

25. 15 U.S.C. § 1635(g) provides that a court may award damages under section 1640 in addition to rescission.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants Countrywide and MERS as follows:

1. A declaration that Plaintiff is entitled to rescind;
2. Rescission of the loan;
3. Statutory damages;
4. Attorney's fees, litigation expenses and costs.
5. Such other relief as the Court deems appropriate.

Respectfully submitted,

Christopher M. Lefebvre
Claude Lefebvre, Christopher Lefebvre P.C.
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)
Bar # 4019

**JURY DEMAND**

Plaintiff demands trial by jury.

Christopher M. Lefebvre