UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GEORGE R. CREAMER,<br><br>Plaintiff,<br><br>v.<br><br>COUNTRYWIDE BANK, N.A. and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as nominee for Countrywide,<br><br>Defendants. | Civil Action No.1:06-cv-00134-S-DLM |

**DEFENDANTS COUNTRYWIDE BANK, N.A.'S AND**
**MORTGAGE ELECTRONIC SYSTEMS, INC.'S ANSWER AND COUNTERCLAIM**

Defendants Countrywide Bank, N.A. ("Countrywide") and Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Countrywide, (collectively, "Defendants") hereby answer the Complaint filed by plaintiff George R. Creamer ("Plaintiff"). This Answer is made without waiving, but expressly reserving, all rights that Defendants have to file dispositive motions or other responses addressed to some or all of the allegations and claims asserted in the Complaint. Except as expressly admitted herein, all allegations in the Complaint are denied.

**"INTRODUCTION"**

1. The allegations in Paragraph 1 are introductory and conclusory in nature, and therefore require no response. To the extent that a response is required, Defendants deny each and every allegation in Paragraph 1.

**"JURISDICTION AND VENUE"**

2. The allegations in Paragraph 2 state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 2.

3. The allegations in Paragraph 3 state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 3.

**"PARTIES"**

4. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5. Countrywide admits only that it is a federally-chartered national association organized and existing under the laws of the United States, with a place of business in Calabasas, California. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 5.

6. The allegations in Paragraph 6 are vague, ambiguous and imprecise. Defendants cannot therefore admit or deny them, and so deny them.

7. The allegations in Paragraph 7 state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 7.

8. The allegations in Paragraph 8 are vague, ambiguous, and imprecise. Defendants cannot therefore admit or deny them, and so deny them.

9. The allegations in Paragraph 9 are vague, ambiguous and imprecise. Defendants cannot therefore admit or deny them, and so deny them. Further answering, MERS states that it is a separate corporation acting solely as the nominee for Countrywide and Countrywide's successors and assigns with respect to the subject mortgage loan.

**"FACTS"**

10. In response to the allegations in the first sentence of Paragraph 10, Defendants admit only that, on or about October 24, 2005, Plaintiff and Jessie L. Creamer executed a mortgage in favor of Countrywide ("Mortgage"). The Mortgage speaks for itself and is the best evidence of its contents. Defendants lack knowledge or information sufficient to form a belief as

to the truth of the remaining allegations in the first sentence of Paragraph 10. With respect to the allegations in the second sentence of Paragraph 10, Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of said allegations.

11. The allegations in Paragraph 11 state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 11.

12. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12. Further answering, Defendants state that there is a document entitled "Notice of Right to Cancel" attached to the Complaint as Exhibit A. Said document speaks for itself and is the best evidence of its contents.

13. The allegations in Paragraph 13 state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 13.

14. The allegations in Paragraph 14 state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 14.

15. The allegations in Paragraph 15 are vague, ambiguous, and imprecise. Defendants cannot therefore admit or deny them, and so deny them.

16. The allegations in Paragraph 16 state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 16.

17. The allegations in Paragraph 17 state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 17, except to state that there is a copy of a letter dated as of December 5, 2005 attached to the Complaint as Exhibit B (the "December 5, 2005 letter"). The December 5, 2005 letter speaks for itself and is the best evidence of its contents.

18. In response to the allegations in Paragraph 18, Defendants admit only that there is a copy of a letter dated as of December 30, 2005 attached to the Complaint as Exhibit C (the "December 30, 2005 letter"). The December 30, 2005 letter speaks for itself and is the best evidence of its contents. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 18.

19. The allegations in the first sentence of Paragraph 19 state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in the first sentence of Paragraph 19. With respect to the allegations in the second sentence of Paragraph 19, Defendants admit only that there is a copy of a letter dated as of March 14, 2006 attached to the Complaint as Exhibit D (the "March 14, 2006 letter"). The March 14, 2006 letter speaks for itself and is the best evidence of its contents. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 19.

**"COUNT I – TRUTH IN LENDING ACT VIOLATIONS"**

20. Defendants hereby incorporate by reference, as if fully set forth herein, their answers and responses to Paragraphs 1 through 19 above.

21. The allegations in Paragraph 21 state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 21.

22. The allegations in Paragraph 22 state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 22.

23. The allegations in Paragraph 23 state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 23.

24. The allegations in Paragraph 24 state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 24.

25. The allegations in Paragraph 25 state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 25.

FIRST DEFENSE

Plaintiff's claims have been waived, in whole or in part.

SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, as a result of the acts of third parties over whom Defendants had no control and are not responsible.

THIRD DEFENSE

Defendants are not responsible for the acts and liabilities of third parties over whom Defendants had no control.

FOURTH DEFENSE

Plaintiff's claims are barred or limited by the several defenses available under the Truth in Lending Act, including but not limited to the defenses concerning error tolerances and technical errors including under 15 U.S.C. § 1635(h), the unintentional and bona fide error defense under 15 U.S.C. §1640(c), and the good faith compliance defense under 15 U.S.C. §1640(f).

FIFTH DEFENSE

Plaintiff's demand for rescission is inequitable and Defendants ask that the rescission procedures, if ordered, be modified as set forth in Defendants' Counterclaim.

SIXTH DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by unclean hands, estoppel and other equitable doctrines.

EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because his own negligence proximately caused his injuries, if any.

NINTH DEFENSE

Plaintiff's Complaint fails to join necessary parties in violation of Federal Rule of Civil Procedure 19.

TENTH DEFENSE

Plaintiff's damages asserted against MERS are limited by 15 U.S.C. § 1641(d)(2).

ELEVENTH DEFENSE

Defendants hereby reserve their right to assert any and all defenses to Plaintiff's claims arising from Countrywide's status as a federally-chartered national association.

TWELFTH DEFENSE

Defendants hereby give notice that they intend to rely on such other and further defenses as may become available or apparent during discovery proceedings in this case, and they hereby reserves the right to assert such defenses.

**COUNTERCLAIM**

1. Plaintiff filed this lawsuit against Defendants Countrywide and MERS, alleging violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, ("TILA"). Defendants have denied liability.

2. Defendants deny that the Plaintiff has a right to rescind his loan. Defendants also deny that it would be equitable to permit any rescission to be accomplished according to the precise procedures set forth in 15 U.S.C. § 1635(b).

## COUNTERCLAIM I

### Declaration Concerning Rescission Remedies

3. Defendants hereby incorporate by reference, as if fully set forth herein, its allegations in Paragraphs 1 and 2 above.

4. 15 U.S.C. § 1635(b) and 12 C.F.R. § 226.23(d)(2) & (3) require that any lender which receives a notice of a borrower's intent to rescind under 15 U.S.C. § 1635(b) must (i) return to the borrower any money or property that the borrower has given or paid to anyone in connection with the transaction, and (ii) take any action necessary to reflect the termination of the lender's security interest in the borrower's property.

5. When a lender has complied with 15 U.S.C. § 1635(b) and 12 C.F.R. § 226.23(d)(2) and returned to the borrower all funds paid by the borrower and canceled the security deed, the borrower shall tender to the lender the principal amount loaned under the loan transaction in question.

6. 15 U.S.C. § 1635(b) and 12 C.F.R. § 226.23(d)(4) provide that the procedures for the lender's termination of the security interest and return of the borrower's money, as well as the borrower's tender of the principal amount of the loan, may be modified by court order.

7. Should this Court allow Plaintiff to rescind his loan, Defendants respectfully request that this Court, in order to do equity, modify the rescission remedy, by, for example, requiring that the return of money and property required under 15 U.S.C. § 1635 be made simultaneously by Defendants and Plaintiff.

WHEREFORE, Defendants respectfully request that this Court enter judgment:

(1) dismissing the Complaint with prejudice, denying Plaintiff's requests for relief, awarding Defendants reasonable costs and attorneys' fees incurred in the defense of this action, and granting Defendants such other and further relief as the Court deems just and appropriate to do equity and justice under the circumstances; and

(2) declaring, in the event this Court determines that Plaintiff properly exercised a valid right of rescission, that the rescission remedy be modified in equity, including but not limited to the entry of an order requiring that the return of money and property required under 15 U.S.C. § 1635 be made simultaneously by Defendants and Plaintiff.

Respectfully submitted,

COUNTRYWIDE BANK, N.A., and
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS INC.

By their attorney,

John B. Daukas
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
617.570.1000
R.I. Bar No. 5437

Dated: May 3, 2006

Of Counsel:
Brooks R. Brown
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
617.570.1000

**CERTIFICATE OF SERVICE**

I, Brook L. Ames, do hereby certify under the penalties of perjury, that on this 3rd day of May, 2006, I arranged for the service, by first-class U.S. Mail, postage pre-paid, of a copy of the foregoing on the following counsel of record:

Christopher M. Lefebvre
Claude Lefebvre, Christopher Lefebvre, P.C.
P.O. Box 479
Pawtucket, RI 02862

Brook L. Ames

LIBA/1694911.1